589 A.2d 1091

GEORGE TEIXIERA, PLAINTIFF, v. THE NEW JERSEY AUTOMOBILE FULL INSURANCE UNDERWRITING ASSOCIATION, BY ITS SERVICING CARRIER, HANOVER/AMGRO INSURANCE COMPANY, DEFENDANTS.

Superior Court of New Jersey
Law Division Bergen County

Decided February 14, 1991.

*Larry M. Pollack,* for plaintiff.

*Theresa Mahan–Lesnak* for defendant (*Melli & Wright,* attorneys).

LAWRENCE D. SMITH, J.S.C.

*N.J.S.A.* 39:6A–4 establishes and defines basic personal injury protection (PIP) coverage and provides for a medical

expense deductible of $250.[1] The narrow issue addressed in this opinion focuses on whether an automobile liability insurance carrier can properly deduct $250 from the medical expense benefits payable to each of several occupants of an automobile involved in an accident where one of those occupants is not a family member residing in the household of the named insured.[2] The issue is one of several which arises by way of cross-motions for summary judgement. I conclude only one deductible, allocable between all injured parties, is statutorily allowed.

On November 5, 1989, George Teixiera was involved in a two-car accident while operating a private passenger automobile owned by Ellen Price. Price was a passenger at the time. Both she and Teixiera sustained personal injuries. The vehicle was insured under an automobile policy issued by the New Jersey Automobile Full Insurance Underwriting Association through its servicing carrier, Hanover/Amgro Insurance Company.

No member of Teixiera's household owned an automobile, nor did any member of his household have a policy of automobile insurance. Claims for medical expense benefits were presented to Hanover by both parties and each was charged with a $250 deductible.[3]

---

[1]The section also provides for "a copayment of 20% of any benefits payable between $250.00 and $5,000.00."

[2] *N.J.S.A.* 39:6A–4.3 permits the named insured to elect a higher deductible in exchange for a reduced premium. When such an election is made, only the named insured and resident relatives of his or her household may be charged with the increased deductible. Whether an individual who is not a member of the household can be charged with any portion of the minimum deductible where a higher deductible has been elected is not an issue in this case.

[3]Benefits in excess of the deductibles were also reduced by 20% in accordance with the copayment provision of *N.J.S.A.* 39:6A–4. Since the total amount of payments to both parties has not been defined, the applicable limit on copayments is not implicated by this decision.

The relevant portion of *N.J.S.A.* 39:6A–4 was added to section 4 of the statute as part of a comprehensive package of revisions to the no-fault law, effective Jan. 1, 1989. It reads: "Medical expense benefit payments shall be subject to a deductible of $250.00 on account of injury in any one accident and a copayment of 20% of any benefits payable between $250.00 and $5,000.00." Hanover argues that the provision should be read as authorizing a deduction of $250 from the medical benefits payable to each person involved in an accident. That position is belied by the clear language of the statute; indeed, the basis for Hanover's interpretation is essentially obscure. Where the named insured has not elected a higher deductible pursuant to *N.J.S.A.* 39:6A–4.3, a carrier is entitled to the benefit of a total deductible of $250, irrespective of the number of occupants in a vehicle who might be entitled to medical expense benefits.

Were the statute deemed ambiguous, the legislative history clearly would reinforce the expressed conclusion. As originally drawn, the amendment in issue subjected medical expense benefits "to a deductible of $250.00 on account of injury to any one person in any one accident." *See Senate Bill* 2637 (1981). Thereafter, based on Governor Kean's recommendations, following discussions with the leadership of the Senate and Assembly, the words "to any one person" were specifically deleted (see Governor Kean's statement to the Senate of August 4, 1981). That revision provides as clear a substantiation of legislative intent as one could hope for in attempting to divine that will-o'-the-wisp [4] which we label "legislative intent." *Cf.*

[4] 'Come, listen, my men, while I tell you again
The five unmistakable marks
By which you may know, wheresoever you go,
The warranted genuine Snarks.
Let us take them in order. The first is the taste,
Which is meagre and hollow, but crisp:
Like a coat that is rather too tight in the waist,
With a flavour of Will-o'-the-Wisp.'
[Carroll, *The Hunting of the Snark*]

*Mass. Mutual Life Ins. Co. v. Manzo*, 122 *N.J.* 104, 584 *A.*2d 190, 196 (1991).

Further support for the thesis that a carrier is entitled to the benefit of only one deductible can be found from the largely parallel treatment given to optional deductibles. *N.J.S.A.* 39:6A–4.3, as originally adopted, permitted optional deductibles "for any one person for any one accident." In 1984, the words "for any one person" were deleted.

The evolutionary treatment accorded to both sections evidences an intent that only one deductible be applied. The legislative objective was quite obviously directed toward attempting to generate some degree of "cost containment" by means of a mandatory minimum deductible which was to be applied on a per accident basis, not a per person basis. Presumptively, the cost to a family, were the deductible to apply to each person entitled to benefits under a single policy, was deemed to be potentially too substantial. The fact that one of the injured occupants of an automobile is a "stranger" to the policy of insurance, being neither the named insured nor a family member residing in his or her household, is of no moment. The statute simply contains no language which would authorize a carrier to apply two deductibles.[5]

■■ Correlatively, and contrary to plaintiff's position, no basis exists which would warrant a determination that Teixiera, as a stranger to the policy, should not be charged with any portion of the minimum deductible.[6] Courts are not at liberty

---

[5]The fact that the Legislature, in defining "funeral expenses benefits" in *N.J.S.A.* 39:6A–4, did specifically refer to benefits payable "on account of the death to any one person in any one accident," provides further substantiation for the view expressed in this opinion.

[6]That perspective is buttressed by the treatment given to increased deductibles under section 4.3. Where the purchaser of the policy elects a higher deductible, benefit is derived in the form of premium reduction. The Legislature presumably determined that the consequences of that economic choice could reasonably be visited on the named insured and resident relatives of the

to engage in legislation under the guise of interpretation. See *Property Owner's Ass'n of No. Bergen v. Tp. of No. Bergen,* 74 *N.J.* 327, 338, 378 *A.*2d 25 (1977). *See also N.J. Const.* (1947), Art. III, par. 1.

While the statute does not establish a methodology for allocating the deductible between the beneficiaries of a policy, in the absence of some expression of legislative intent, equitable considerations mandate that that deductible be allocated on an equal basis between the individuals entitled to benefits. Teixiera was chargeable with a deductible of $125, as was Price. In light of the impact resulting from copayments, Teixiera is now entitled to a judgement in the sum of $100. Whether plaintiff is or is not entitled to reimbursement for attorneys fees is reserved for future disposition. R. 4:42–9(a)6; *Maros v. Transamerica Ins. Co.,* 76 *N.J.* 572, 388 *A.*2d 971 (1978).

---

household only—not on third parties, strangers to that choice, who do not derive direct benefit from premium reduction. As a result, section 4.3 specifically provides for different treatment from section 4.